IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

GARY McDERMOTT, on behalf of
himself and all others similarly situated,

        Plaintiff,

vs.

KUM & GO, LC

        Defendant.

CASE NO: _____

CLASS ACTION REPRESENTATION

## CLASS ACTION COMPLAINT

Plaintiff, GARY MCDERMOTT ("MCDERMOTT"), on behalf of himself and all others similarly situated, sues Defendant, KUM & GO, LC ("KUM & GO"), and alleges as follows:

### INTRODUCTION

1. This is an action for declaratory and injunctive relief against KUM & GO for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* (the "ADA"), which prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

2. One of the primary ways in which many people with disabilities have gained independence and sought integration is through their ability to drive an adapted car or van. This permits the mobility necessary to commute to a job or perform personal errands without relying on public or private assistance. However, this independence is illusory if a disabled driver is unable to buy gas for his vehicle when and where it is needed.

1

3. Congress directed the Department of Justice ("DOJ") to promulgate regulations implementing Title III's prohibition against discrimination. 42 U.S.C. 12186. Pursuant to this mandate, the DOJ published the original ADA Standards for Accessible Design on July 26, 1991 (the "1991 Standards"). 28 C.F.R. Pt. 36, App. D. On September 15, 2010, the DOJ published revised accessibility standards called the 2010 ADA Standards for Accessible Design (the "2010 Standards").[1] DOJ's accessibility standards set the minimum requirements for newly designed and constructed or altered public accommodations and commercial facilities to be readily accessible to and usable by individuals with disabilities. Specifically, any construction or alteration of public accommodations or commercial facilities occurring after January 26, 1992, must fully comply with the 1991 Standards, while any construction or alterations occurring after March 15, 2012 must fully comply with the 2010 Standards. 28 CFR part 36, subpart D.

4. Regardless of when the public accommodation was constructed or altered, Title III of the ADA also requires owners, lessors, or operators to make reasonable modifications in policies, practices, or procedures when necessary to afford equal enjoyment of services to individuals with disabilities, and requires the removal of barriers to access when modifications are readily achievable. If barrier removal is not readily achievable, Title III of the ADA requires that the entity provide reasonable alternatives to barrier removal.

5. As set forth below, KUM & GO has denied MCDERMOTT, and all others similarly situated, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by KUM & GO, in violation of Title III of the ADA.

---

[1] The 2010 Standards for public accommodations and commercial facilities consist of the Title III regulations at 28 CFR part 36, subpart D and the 2004 ADA Accessibility Guidelines ("ADAAG") at 36 CFR part 1191, appendices B and D.

2

## PARTIES, JURISDICTION, AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

7. MCDERMOTT is an individual and a resident of the State of Iowa. MCDERMOTT is confined to a motorized wheelchair as a result of a neck injury he suffered 38 years ago and is substantially impaired in several major life activities, including but not limited to the major life activity of walking. MCDERMOTT is considered an individual with disabilities under the ADA.

8. KUM & GO is a domestic limited liability company authorized to do business in the State of Iowa, and has headquarters located at 6400 Westown Parkway, West Des Moines, IA 50266. KUM & GO is the owner, lessor, or operator of more than 400 convenience stores in 11 states (Iowa, Arkansas, Colorado, Minnesota, Missouri, Montana, Nebraska, North Dakota, Oklahoma, South Dakota and Wyoming), and is the fifth largest privately-held, company-operated convenience store chain in the United States.

9. Venue is proper in the Southern District of Iowa pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## INDIVIDUAL ALLEGATIONS

10. MCDERMOTT's disability prevents him from pumping gas independently. He requires the assistance of a gas station employee to pump gasoline.

11. On May 17, 2012, MCDERMOTT visited KUM & GO convenience stores at the following locations (collectively, "the Stores") in an attempt to refuel his vehicle:

    a. 513 S. Riverside Dr., Iowa City, IA 52246;

  b.  955 Mormon Trek Blvd., Iowa City, IA 52246;

  c.  822 1st Ave., Coralville, IA 52241; and

  d.  323 E. Burlington St., Iowa City, IA 52240.

12. Upon information and belief, KUM & GO, or their predecessors in interest, either designed and constructed the Stores or altered the Stores' gasoline pumps and parking spaces on or after January 26, 1992. Thus, at the very minimum, the gasoline pumps and parking spaces at the Stores must comply with the 1991 Standards in order to be readily accessible to and usable by individuals with disabilities under the ADA.

13. Upon information and belief, KUM & GO controls the models of pumps used, and the policies, procedures and practices followed by its employees related to the use of the gasoline pumps by individuals with disabilities.

14. Upon information and belief, at peak hours of operation, KUM & GO employs more than one person at its convenience stores.

15. During his visit to the Stores, MCDERMOTT personally encountered violations of the ADA, which include, but are not limited to, the following:

  a.  The fuel pump controls, including the card reader, fuel grade buttons, and call buttons, exceed 54 inches, in violation of both the 1991 Standards under §§ 4.2 and 4.27 and the 2010 Standards under § 308 of the 2004 ADAAG.[2]

  b.  Because the call buttons were out of reach, MCDERMOTT honked his horn to signal that he needed refueling assistance. KUM & GO's employees ignored

---

[2] The 1991 Standards require all controls to be within 54' inches of the surface where a wheelchair user would sit sideways to operate the controls, and the 2010 Standards limit this reach maximum to 48' inches above the drive surface.

4

MCDERMOTT's signals and failed to provide him with refueling assistance, despite having more than one employee on duty.[3]

    c. The accessible parking spaces for disabled patrons were not placed at the shortest accessible route to the entrance, in violation of both the 1991 Standards under §§ 4.6.2 and the 2010 Standards under § 208.3.1 of the 2004 ADAAG.

    d. The accessible parking spaces did not have an access aisle to gain entrance into the Store in violation of the 1991 Standards under §§ 4.6 and the 2010 Standards under § 502.2 of the 2004 ADAAG.

16. The foregoing barriers, practices, and procedures deny MCDERMOTT, and all others similarly situated, access to, and full enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Stores, as prohibited by the ADA, 42 U.S.C. § 12181, *et seq.* These barriers, practices, and procedures also prevent MCDERMOTT from returning to the Stores to enjoy the goods and services available to the public.

17. Modifications to KUM & GO's policies, practices, and procedures necessary to permit individuals with disabilities to communicate their need for assistance pumping gas are reasonable and would not create an undue burden for KUM & GO or fundamentally alter the nature of services they provide to the general public.

18. To the extent that the barriers to access complained of herein are found to be existing elements or areas of the Stores not subject to the ADA's alteration requirements under 42 U.S.C. § 12183, the modifications needed to make those elements or areas accessible are readily achievable, within the meaning of 28 C.F.R. § 36.304 and 42 U.S.C. § 12181(9).

---

[3] United States Department of Justice, Civil Rights Division, Disability Rights Section, ADA Business BRIEF: Assistance at Gas Stations, June 25, 2002 (http://www.ada.gov/gasbrief.htm).

19. To the extent that the barriers to access complained of herein are found to be altered facilities and that the alterations necessary to ensure compliance with the 1991 Standards or the 2010 Standards are technically infeasible, or existing facilities that are not readily achievable to remove, KUM & GO has failed to provide MCDERMOTT with reasonable alternatives to barrier removal, as set forth in 42 U.S.C. § 12182(b)(2)(A)(v) and 28 C.F.R. § 36.305.

20. By letter dated April 18, 2012, MCDERMOTT notified KUM & GO that it was in violation of Title III of the ADA by failing to make their goods and services accessible to persons with disabilities, and specifically noted that its fuel pumps failed to comply with the 2010 Standards. A copy of this letter is attached as **Exhibit "A."**

21. In response, KUM & GO explained to MCDERMOTT that it was "undertaking several initiatives to methodically access and address potential accessibility issues at our stores." A copy of KUM & GO's written response to MCDERMOTT is attached as **Exhibit "B."** Upon information and belief, KUM & GO continues to be in violation of the ADA.

22. MCDERMOTT desires to utilize KUM & GO convenience stores not only to avail himself of the goods and services available at the convenience stores but to assure himself that the convenience stores are in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

23. The discriminatory violations described in Paragraph 15 are not an exhaustive list of KUM & GO's violations of the ADA. MCDERMOTT, and all others similarly situated, will continue to suffer such discrimination, injury, and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation,

MCDERMOTT requires an inspection of all of KUM & GO's places of public accommodation in order to determine all of the areas of non-compliance with the ADA.

24. MCDERMOTT has suffered direct and indirect injury as a result of KUM & GO's discrimination. Until KUM & GO is compelled to comply with the requirements of the ADA, his injury will continue. Thus, MCDERMOTT is compelled to seek relief in this action because KUM & GO has failed to remove barriers, failed to implement non-discriminatory practices and procedures, and failed to otherwise comply with the ADA.

25. MCDERMOTT is without adequate remedy at law and is suffering irreparable harm. MCDERMOTT has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from KUM & GO pursuant to 42 U.S.C. § 12205.

26. All other conditions precedent have been satisfied by MCDERMOTT or have been waived by KUM & GO.

## CLASS ACTION ALLEGATIONS

27. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, MCDERMOTT, on behalf of himself and all others similarly situated, seeks to certify a national Class defined as follows:

> All persons in the United States who are disabled within the meaning of the ADA and use wheelchairs or scooters for mobility who have encountered architectural barriers or discriminatory practices and procedures at any of the KUM & GO convenience stores in the United States that are subject to the ADA from the period January 26, 1992 through the present (hereinafter the "Class" or "Class Members"). Class counsel and any judicial officers presiding over this matter are excluded from the Class.

28. Approximately 20% of the citizens of the United States are disabled for purposes of the ADA.[4] Thus, the Class Members are so numerous that joinder is impracticable and would involve hundreds of thousands, if not millions, of individual actions.

29. The identities of the individual Class Members are ascertainable through, among other things, state disability parking permits registered to disabled drivers. Class Members may be notified of the pendency of the Class Action by numerous reasonable means, including mail, e-mail, internet, publication and other means.

30. Common questions of law and fact exist and predominate over any issues affecting individual Class Members. Common issues of law and fact include, but are not limited to:

   a. Whether KUM & GO is fully compliant with the ADA at its more than 400 convenience stores; and

   b. The relief to which MCDERMOTT and Class Members are entitled.

31. MCDERMOTT's claims are typical of the claims of the proposed Class, and MCDERMOTT will fairly and adequately represent and protect the interests of the proposed Class. MCDERMOTT does not have any interests antagonistic to those of the Class. MCDERMOTT has retained competent and experienced counsel in the prosecution of this type of litigation.

32. KUM & GO has acted wrongfully on grounds generally applicable to the Class by engaging in violations of the ADA, thereby making injunctive or declaratory relief applicable with respect to the Class as a whole.

---

[4] Census Brief issued December 1997, U.S. Department of Commerce, Economics and Statistics Administration.

33. A class action is also superior to other available methods for the fair and efficient adjudication of this controversy because Class Members number in the hundreds of thousands, if not millions, and individual joinder is impracticable. The expense and burden of individual litigation would make it impracticable or impossible for proposed Class Members to prosecute their claims individually. Trial of MCDERMOTT's and Class Members' claims is manageable, and economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

34. Most individual Class Members have little ability to prosecute an individual action due to the complexity of the issues involved in this litigation and the significant costs attendant to litigation on this scale compared to the damages suffered by individual Class Members.

35. Unless relief is provided to MCDERMOTT and the Class, KUM & GO will continue to violate the ADA.

## COUNT I—VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12181, ET SEQ.

36. MCDERMOTT realleges and incorporates the allegations of Paragraphs 1-43 as if fully set forth herein.

37. Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. 12182(a).

38. KUM & GO's more than 400 convenience stores affect commerce and are considered places of "public accommodation" as that term is defined in 42 U.S.C. § 12181(7) and 28 C.F.R § 36.104.

39. The term "disability" includes physical and mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102(2). The Class Members MCDERMOTT seeks to represent are people who have disabilities that substantially limit the major life activities of walking, standing, and/or moving about in their communities without mobility or braille aids. Thus, Class Members are, or MCDERMOTT represents, qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102.

40. Discrimination for purposes of 42 U.S.C. § 12182(a) includes:

a. "a failure to design and construct facilities for first occupancy [after January 26, 1992] . . . that are readily accessible to and usable by individuals with disabilities," under 42 U.S.C. §12183;

b. "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations," under 42 U.S.C. § 12182(b)(2)(A)(ii).

c. "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable," under 42 U.S.C. § 12182(b)(2)(A)(iv); and

d. "where an entity can demonstrate that the removal of a barrier . . . is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable," under 42 U.S.C. §12182(b)(2)(A)(v).

41. The actions and/or inactions of KUM & GO as alleged herein discriminate against MCDERMOTT and Class Members because of their disabilities by excluding them from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by KUM & GO in violation of the ADA, 42 U.S.C. 12182(a).

42. KUM & GO's conduct constitutes an ongoing and continuous violation of the ADA and unless restrained from doing so, KUM & GO will continue to violate said law.

43. The Class has no adequate remedy at law, and unless the relief requested herein is granted, Class Members and the class that MCDERMOTT seeks to represent will suffer irreparable harm in that they will continue to be discriminated against and denied access to the programs, services, and activities provided, operated and overseen by KUM & GO.

44. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant MCDERMOTT injunctive relief, including an order to require KUM & GO to immediately alter each convenience store to make the facility readily accessible and useable to MCDERMOTT, the other Class Members, and all other persons with disabilities as defined by the ADA, and the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests:

a) The Court issue a Declaratory Judgment that determines that KUM & GO is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*.

b) Injunctive relief against KUM & GO, including an order to make its convenience stores readily accessible to and useable by individuals with disabilities to the extent required by the ADA; to require KUM & GO to make reasonable modifications in its policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; to remove all readily achievable architectural and communication barriers that are structural in nature; and if barrier removal is not readily achievable, to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods;

c) An award of attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205.

d) Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq*.

Dated: April 3, 2013

RICCOLO, SEMELROTH & HENNINGSEN, PC

_____
Farl Greene AT0009404
RICCOLO, SEMELROTH & HENNINGSEN, PC
PLAZA 425- Suite 1140
Cedar Rapids, IA 52401
Telephone: 319-365-9200
Facsimile: 319-365-1114
fgreene@fightingforfairness.com

ATTORNEYS FOR PLAINTIFF

April 18, 2012

Kum & Go LC
Mr. Randy Meyer
Mr. Kevin Krause
6400 Westown Parkway
Des Moines, IA 50266

Gentleman;

It has been brought to my attention Kum and Go is listed as a business selling convenience store items and vehicle fuel. It is my belief Kum and Go is discriminating against persons with disabilities by failing to provide equal access to their business or by failing to provide reasonable accommodations in accessing their goods and services. Specifically; Kum and Go is failing to comply with Title III of the ADA by not making their fuel pumps accessible to persons with disabilities in accordance with the 2010 Standards of Accessible Design.

I am an American citizen, a Veteran of the US Military living with a disability, attempting to make all communities accessible to persons with disabilities. It is in everyone's best interest, young and old, to band together and educate business's of their obligation under the law to provide equal access to everyone for products and services.

Disabled American citizens participate in life, go to work, are involved with public events, and spend money. It is not only difficult to obtain gas for our vehicles but downright humiliating. Drivers with disabilities should not be treated as a nuisance in such a simple task for all members of society as obtaining gasoline for our vehicles.

In accordance with Title III guidelines Kum and Go is duty bound to adhere to the 2010 Standards of Accessible Design. As a protected citizen under the law it is my right and obligation to file an ADA complaint with the United States Department of Justice (USDOJ). It would benefit Kum and Go to move forward with a plan of compliance to prevent the embarrassment of a lawsuit from the USDOJ.

Respectfully,

**Gary McDermott**

Gary McDermott
409 32nd Avenue Ave.
Clinton, IA 52732



## Kum & Go, L.C. – Legal Department

Sender's Direct Telephone: (515) 457-6130
Fax: (515) 457-0131
E-mail: cwc@kumandgo.com

May 2, 2012

Mr. Gary McDermott
409 32nd Avenue
Clinton, IA 52732

Re: Letter dated April 18, 2012

Dear Mr. McDermott:

I am in receipt of your letter dated April 18, 2012, regarding Kum & Go, L.C. ("Kum & Go") and its compliance with Title III of the Americans with Disabilities Act (the "ADA"). I appreciate your concern and you reaching out to us on this issue. In fact, we are taking ADA compliance very seriously and are actively addressing ADA compliance in a number of ways.

At Kum & Go, we truly believe that excellent customer service is what sets us apart from our competition. This includes providing excellent customer service to ALL customers. If you are willing, I would appreciate the opportunity to meet with you to discuss our ADA compliance activities and to get your perspective on how we can serve our disabled customers better.

As you know, excellent customer service can take us further down the path of assisting our disabled customers. However, simply providing excellent customer service does not necessarily finish the job. Having accessible facilities is also of great importance. We are undertaking several initiatives to methodically assess and address potential accessibility issues at our stores.

I would be happy to travel to Clinton to meet with you to discuss your concerns or, in the alternative, if you happen to find yourself in the greater Des Moines area, I would invite you to meet me at our store support center to discuss your concerns and our related efforts. Please give me a call at your earliest convenience. I look forward to the possibility of meeting with you.

Very truly yours,

KUM & GO, L.C.

By: Charles W. Campbell
General Counsel and Secretary