**RECEIVED**
OCT 3 0 2014
CLERK OF DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| GARY McDERMOTT, on behalf of himself and all others similarly situated, | Case No. 3:13-CV-00053 |
| Plaintiff, | FINAL ORDER AND JUDGMENT CERTIFYING CLASS FOR SETTLEMENT PURPOSES ONLY, APPROVING CLASS ACTION SETTLEMENT AGREEMENT, ENJOINING FUTURE LAWSUITS, AND GRANTING OTHER RELIEF |
| v. | |
| KUM & GO, LC, | |
| Defendant. | |

The parties jointly moved for certification of a class, final approval of their Settlement Agreement, imposition of an award of attorney's fees and costs, issuance of a permanent injunction enjoining future lawsuits against Kum & Go under the Americans with Disabilities Act ("ADA") and similar state and local laws, and other relief consistent with and necessary to the effectuation of the Settlement Agreement. The Court, having been advised on the premises, hereby makes the following findings of fact and conclusions of law:

1. The Court finds the prerequisites and requirements for certification of a class for settlement purposes only have been satisfied, and therefore certifies the following class pursuant to Fed. R. Civ. P. 23(b)(2) for settlement purposes only:

> All persons in the United States who are disabled within the meaning of the Americans With Disabilities Act and use wheelchairs or scooters for mobility who have encountered or may encounter architectural barriers or discriminatory practices at any Kum & Go stores that are subject to the ADA.

The Court finds, in particular, the class is so numerous for purposes of Rule 23(a)(1) that joinder of all members is impracticable in light of the number of persons with mobility-related disabilities in the 11 states where Kum & Go has, collectively, more than 400 stores. The Court further finds there are questions of law or fact common to the class for purposes of Rule 23(a)(2)

in light of the ADA imposing uniform standards on all Kum & Go stores that affect all persons with mobility-related disabilities who have visited or may visit those stores. The Court further finds the claims of the representative party, Plaintiff Gary McDermott, are typical of the claims of the class for purposes of Rule 23(a)(3) in light of his disability that requires the use of a wheelchair or scooter for mobility. The Court further finds McDermott and his counsel, David Oliver of Morgan & Morgan, P.A. and Timothy Semelroth of Riccolo, Semelroth, and Henningsen, PC, will fairly and adequately protect the interests of the class for purposes of Rule 23(a)(4) in light of McDermott's status as a mobility-impaired person with interests that are aligned with those of the class and his counsel's substantial experience in complex and class action litigation. Finally, the Court finds the requirements of Rule 23(b)(2) are satisfied because (a) the ADA's standards "apply generally to the class," and therefore Kum & Go's compliance or non-compliance with those standards necessarily affects the class as a whole; and (b) there is a need for certification in light of questions regarding McDermott's standing to pursue ADA actions at hundreds of Kum & Go stores, most of which he never visited.

2. The Court finds reasonable notice was provided to the class members, and no objections were filed.

3. The Court finds, for the reasons set forth in the parties' briefing, and pursuant to Fed. R. Civ. P. 23(e), that the Settlement Agreement is fair, reasonable, and adequate. The Court finds, among other things, that the Settlement Agreement: (a) arguably provides more relief to the class members than they could reasonably expect to receive under the ADA; (b) requires modifications by Kum & Go with respect to all areas of alleged non-compliance specifically raised in McDermott's complaint; and (c) requires modifications by Kum & Go with respect to numerous areas *not* specifically raised in McDermott's complaint. The Court further finds that

by entering the Settlement Agreement, Kum & Go is voluntarily waiving numerous defenses it otherwise would have to class certification and liability in this action, including, among other things, whether McDermott has standing, whether intractable management problems make class certification inappropriate, and whether Kum & Go has defenses at individual stores, or generally, to liability under the ADA. The fairness, reasonableness, and adequacy of the Settlement Agreement are reinforced by the absence of any objections (in fact, all feedback from class members has been positive) and fact the parties engaged in substantial, arm's length negotiations prior to agreeing on terms for resolution of the case. Finally, the Court finds that, in the absence of a settlement, further litigation likely would be lengthy and expensive in light of the number of stores at issue, the complex factual and legal issues that typically accompany the decision whether to certify a class, and other similar matters.

4. The Court incorporates by reference the Release and Covenant Not to Sue contained in Paragraph 18 of the Settlement Agreement, and concludes they are effective as of the date of this Final Order and Judgment and forever discharges the parties (including the class members) from any and all claims and liabilities within the scope of the release.

5. The Court accepts continuing jurisdiction over this matter to interpret and enforce the provisions of the Settlement Agreement throughout its term.

6. The Court finds that the issuance of a permanent injunction is necessary and appropriate to aid in the Court's continuing jurisdiction over the action and to effectuate the terms of the Settlement Agreement and this Final Order and Judgment. The Court further concludes it has authority to issue a permanent injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and Anti-Injunction Act, 28 U.S.C. § 2283. The Court therefore permanently enjoins class members (as the class is defined above) from bringing any and all claims, rights,

demands, charges, complaints, actions, suits, and causes of action, whether known or unknown, accrued or unaccrued, for injunctive, declaratory, monetary, or other relief, however, described, arising out of or relating to the accessibility of Kum & Go Stores (including fuel dispensers and other external aspects of each Store) for persons who use wheelchairs or scooters for mobility and are disabled within the meaning of the ADA or similar state and local laws. This injunction, and the corresponding release, includes any and all claims under Title III of the ADA, as well as any and all claims under similar state or local statutory, administrative, and regulatory provisions that either: (a) directly incorporate Title III of the ADA or any of the rules or regulations promulgated thereunder; or (b) set forth standards or obligations similar to those set forth in Title III of the ADA or any of the rules or regulations promulgated thereunder.

6. The Court awards attorney's fees in the amount of $137,500 and costs in the amount of $20,728.31 to class counsel as agreed in Paragraph 12 of the Settlement Agreement. The Court further awards an incentive payment of $15,000 to Plaintiff Gary McDermott for his service as class representative in this action.

7. The Court dismisses with prejudice all claims asserted in this action except as set forth in Paragraph 15 of the Settlement Agreement.

8. The Settlement Agreement is attached as Exhibit A to this Final Order and Judgment.

IT IS SO ORDERED.

Dated this 30th day of October, 2014

_____
Charles R. Wolle, Judge
United States District Court